SPROUSE v. LITTLEJOHN.

1. An order of the Circuit judge on appeal from a trial justice, directing a new trial in the court below, cannot be declared erroneous where this court is not informed of the grounds upon which the order was granted.
2. A gift of personal property is not complete without delivery; but where declarations of the donor to the effect that he had given are received in evidence as competent, it should be left to the jury to determine whether the gift has been proved.

Before PRESSLEY, J., Spartanburg, October, 1884.

The opinion states the case.

*Mr. Stanyarne Wilson*, for appellant.

*Mr. J. S. R. Thomson*, contra.

March 17, 1885.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   This action was originally brought in a trial justice court for Spartanburg County for damages for the taking and detaining by W. G. Bryant, the defendant's intestate, of a cow, the alleged property of Texana Sprouse, of whom the plaintiff is guardian *ad litem.*   The case was heard in the trial justice court by a jury duly impannelled and a verdict rendered for the plaintiff for $76.50, whereupon the defendant appealed to the Circuit Court.   Upon the hearing of this appeal his honor, Judge Pressley, ordered and adjudged that the appeal be sustained, and that the case be sent back for a

new trial, with instructions to the court below, "that in order to presume a gift of a chattel there must be some proof of its delivery to the donee, and the subsequent declarations of the donor that he has given the chattel, are not sufficient of themselves to prove such gift."

From this order the plaintiff has appealed to this court on the grounds: "1. That his honor erred in holding that in order to presume a gift of a chattel there must be some proof of its delivery to the donee, and the subsequent declarations of the donor that he has given the chattel, are not of themselves sufficient to prove such gift. 2. That upon the evidence the appeal should have been dismissed and judgment rendered for plaintiff."

It does not appear in the order of the Circuit judge granting the new trial, nor in the exceptions of the appellant by which the case is before us, upon what grounds this order was made. Nor is there any statement in the case from which said grounds may be inferred. We are at a loss, therefore, to know what errors of law we are called upon to correct as to the granting of the new trial. The appellant in his first exception objects to the proposition of law as to the effect of declarations of a donor which the judge sent down as instructions to the trial justice in the new trial which he had just ordered, and in his second and last exception he simply alleges in a general statement that the appeal below should have been dismissed and judgment rendered for the plaintiff upon the evidence. Such an exception we have often held is too general and cannot be considered. Besides, we have no power in a case at law to consider the facts with a view to correct errors, if any, therein. We see nothing in the "Case" which leads us to the conclusion that the Circuit judge ordered the new trial on the ground that the trial justice in his charge to his jury laid down the law different from the instructions which he sent down. On the contrary, the trial justice in his report of the case in which his charge is found does not seem to have said anything as to the effect of the donor's declarations, but he left the whole question of gift to the jury as a matter of fact.

Having no information, then, as to the ground upon which the new trial was ordered, we cannot say that there has been legal error committed in granting it, but the correctness of the instruc-

tions accompanying the order is distinctly questioned and is before us, and it is the only question which is properly before us. There can be no doubt that to constitute a complete gift of a chattel there must be a delivery—some act which indicates a relinquishment of possession and dominion on the part of the donor in behalf of the donee. That, however, is not the question here, but the question is, will the subsequent declarations of the donor, saying that he had given the chattel, amount in themselves when competent to sufficient proof that this delivery had taken place, or must there be other evidence showing such delivery? The only cases that we have been able to find bearing upon this question are the two cited in appellant's argument, *McKane* v. *Bonner*, 1 *Bail.*, 115; and *Caldwell* v. *Wilson*, 2 *Speer*, 79. And neither of these decides the precise question.

In the first case Johnson, J., in delivering the opinion of the court, did say: "That cases do sometimes arise, in which proof of the gift is made up of repeated declarations of the donor running through several years," or such declarations are brought in, by the party claiming under it, in support of doubtful evidence of the gift. In these and in such cases, such declarations are admissible in reply to such evidence, and this was the question in the case, *i. e.*, whether declarations of the donor subsequent to the gift, that he had not given, were admissible, and they were held admissible in reply to declarations that he had given.

In the second case the Circuit judge charged: "That a delivery was a transfer of possession, either by actual tradition from hand to hand, or by an expression of the donor's relinquishment, that the donee should take when the chattel was present, and in a situation to be taken by either party; that there could be no gift without a delivery; that in a case like this, where the defendant claims under the alleged donor, a gift may be proved by the acknowledgments of the donor, if the jury be satisfied that it was attended with all necessary formalities." Upon appeal the court said, in few words, that upon this question "it was satisfied with the instructions given to the jury."

We do not think that the instructions sent down in the case at bar were entirely correct, because they were calculated to mislead. It is true that delivery must be proved, but this is a ques-

tion of fact for the jury, and inasmuch as there can be no complete and legal gift without delivery, the very use of the term "gift," or "I have given," may sometimes be intended to include the delivery, and where therefore such declarations have been used by the donor, and they are admitted by the court as competent, we think it ought to be left to the jury to say whether the gift has been proved, including the delivery, and it ought not to be laid down as a rule of law to govern the jury, that such declarations in themselves are insufficient to prove the gift.

For the reasons already given we have not been able to see clearly the grounds upon which the new trial was granted, and consequently we have not considered the question of the legality of that order, and no error having been pointed out. of course we cannot disturb the order, in so far as the new trial is granted, but the instructions accompanying the order, to which the appellant has excepted, we think contained error as above.

It is the judgment of this court that the judgment of the Circuit Court, in so far as the instructions sent down to govern the new trial are concerned, should be reversed, and it is so adjudged.